UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| 1st SECURITY BANK OF WASHINGTON, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS B. ERIKSEN and JORDAN SCHRADER, P.C., an Oregon corporation,<br><br>Defendants. | NO. CV06-1004 RSL<br><br>PLAINTIFF'S MOTION FOR PROTECTIVE ORDER<br>[NOTE ON MOTION CALENDAR: January 5, 2007] |

### 1.    Relief Requested

A protective order prohibiting disclosure of attorney-client information and attorney work product pertaining to defense of plaintiff 1st Security Bank in *Blankenship v. 1st Security Bank,* Civil No. 05-1697.

### 2.    Facts

In this lawsuit plaintiff 1st Security Bank contends that the lawyer who drafted a Supplemental Employee Retirement Plan (SERP) for its former CEO, Ronald Blankenship, was professionally negligent in doing so. The lawyer, Thomas B. Eriksen, is a partner in defendant law firm Jordan Schrader. See first Amended Complaint at ¶¶ 1.2;1.3,3.3,3.4 and 4.1.

Ronald Blankenship brought suit against 1st Security Bank in a case entitled

Motion for Protective Order
NO. CV06-1004 RSL

PETERSON YOUNG PUTRA
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

1  *Blankenship v. 1st Security Bank*, Civil No. 05-1697. First Amended Complaint at ¶ 3.8. In that suit, Mr. Blankenship claimed entitlement to the SERP benefit. In order to defend itself, 1st Security Bank retained the law firm of Preston Gates & Ellis (PGE). PGE is in no way associated or affiliated with the defendant in this action, Jordan Schrader, a Portland Law Firm. The *Blankenship v. 1st Security Bank* case settled with payment to Mr. Blankenship of $500,000. In this case 1st Security Bank alleges that were it not for the professional negligence of the Jordan Schrader firm, the Bank would not have been exposed to payment to Mr. Blankenship.

Counsel for defendant law firm in this case served on plaintiff's counsel its "First Request for Production." See attachment A to this motion. That request stated:

> Produce a complete copy of the file of the Preston Gates & Ellis law firm relating in any way to the representation by that law firm of plaintiff with respect to Ronald Blankenship's claim(s) against the plaintiff. This request includes, but is not limited to, the Preston Gates & Ellis law firm's file and its representation of the plaintiff in the lawsuit filed by Ronald Blankenship in the Western District of Washington.

To that request, plaintiff filed an objection based upon the attorney-client privilege and work product.

### 3. Issue

Whether plaintiff 1st Security Bank is entitled to a protective order under Fed. R. Civ. P. 26(c) prohibiting disclosure of privileged and work product materials?

### 4. Authority

Fed. R. Civ. P. 26(c)(1) authorizes entry of protective orders so " that the disclosure or discovery not be had."

The attorney-client privilege in the State of Washington is defined at RCW 5.60.060(2):

> An attorney or counselor shall not, without the consent of his or her client, be examined as to any

Motion for Protective Order
NO. CV06-1004 RSL

PETERSON YOUNG PUTRA
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

1         communication made by the client to him or her, or
his or her advice given thereon in the course of
2         professional employment.

3     The work product doctrine was announced in **Hickman v. Taylor**, 329 US 495(1947). Fed. R. Civ. P. 26(b)(3) also limits disclosure of materials prepared in anticipation of, or for, trial by an attorney. The limitation placed upon discovery by that rule requires the party seeking disclosure to establish that it is "unable without due hardship to obtain the substantial equivalent of the materials by other means…[T]he court shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation."

    Here, defendant's broad request for production seeks privileged as well as work product materials. The attorneys responsible for these materials are not the attorneys that are being sued by plaintiff. Plainly, if that occurred, there would a waiver of the attorney-client privilege.

    The Washington Supreme Court in **Pappas v. Holloway**, 114 Wn.2d 198, 787 P.2d. 30 (1990) held that in a lawyer malpractice case, the attorney-client privilege is typically waived with respect to the lawyer who allegedly committed the malpractice. 114 Wn.2d at 204-205.

    In **Pappas**, *supra*, a lawyer sued a former client for fees. The clients counterclaimed for professional negligence. In response to that counterclaim, the plaintiff lawyer named other of the clients' lawyers as third party defendants. There, a enacted waiver was not found. Here, the Answer by Defendant does not indicate any negligence by the Preston Gates & Ellis law firm.[1]

    The unanimous decision of the Court distinguished cases where the plaintiffs allege malpractice against defendant attorneys and were represented in the malpractice claim by

---

[1] While the fees paid by 1st Security Bank to Preston Gates & Ellis are an element of damages in this case, a very limited waiver may exist with respect to the necessity for and reasonableness of those fees.

Motion for Protective Order
NO. CV06-1004 RSL

PETERSON YOUNG PUTRA
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

other attorneys, the situation here. The Court observed:

> In [these] cases, the defendants sought disclosure of communications between the plaintiffs and their current attorneys, alleging that by filing malpractice action against the defendants, plaintiffs in effect waived the attorney-client privilege as to all attorneys involved. Both courts held that the communications sought were protected by the attorney client privilege.

114 Wn.2d at 204.

The cases referenced are *Miller v. Superior Court,* 111 Cal.App.3d 390, 168 Cal.Rptr. 589(1980) and *Dyson v. Hempe,* 140 Wis.2d 792, 413 n.w.2d 379(1987).

### 5. Compliance with LR 37(a)(2)(A)

The parties discussed by telephone their respective positions on December 11, 2006. No resolution was reached.

### 6. Proposed Order

A proposed form of order is being filed with this motion as required under Local Rules CR7(a).

DATED this 12th day of December, 2006.

PETERSON YOUNG PUTRA FLETCHER KNOPP & WAMPOLD, P.S.

_____
Kelby D. Fletcher, WSBA No. 5623
Of Attorneys for Plaintiff(s)

Motion for Protective Order
NO. CV06-1004 RSL

PETERSON YOUNG PUTRA
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorney for Defendant:**

Patrick N. Rothwell
Davis Rothwell Earle & Xóchihua, PC
701 Fifth Avenue, Suite 4795
Seattle, WA  98104-7047
PRothwell@davisrothwell.com

**Dated**: December 12th, 2006.

_____
Cindy Lin

Motion for Protective Order
NO. CV06-1004 RSL

PETERSON YOUNG PUTRA
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE: (206) 624-6800
FAX: (206) 682-1415